IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,) | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-2471-STA/tmp |
| | ) | |
| FIFTEEN THOUSAND DOLLARS | ) | |
| ($15,000.00) IN UNITED STATES | ) | |
| CURRENCY, | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Summary Judgment (D.E. # 31) filed April 14, 2008. This *in rem* forfeiture action was brought by the Plaintiff, the United States of America, which alleges that $15,000.00 in U.S. currency constitutes proceeds traceable to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq. The Claimant has not responded to the Motion within the time permitted by the Local Rules.[1] For the reasons set forth below, the motion is **GRANTED**.

**BACKGROUND**

Because the Claimant has failed to file a response to the Plaintiff's Motion for Summary Judgment, the Court must assume that the United States' version of events is undisputed.[2]

---

[1] Local R. Civ. P. 7.2(a)(2) ("Failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion. In the case of a motion for summary judgment and a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), a response must be filed within thirty days after service of the motion").

[2] Claimant did file an Answer to the Complaint. However, the Answer contained only vague and conclusory assertions that the currency at issue in this action was "derived from legitimate endeavors."

1

According to the Plaintiff, on December 23, 2006, Drug Enforcement Agents acted on information received from a confidential informant and intercepted the vehicle of Claimant Christopher Wayne Whitley.  DEA agents discovered $15,000.00 in U.S. currency on Whitley's person.  Whitley stated that the money belonged to him and that he was going to use the funds to pay an attorney on behalf of another man, Jason Gipson.  At that time, Gipson was in custody and charged with various drug-related crimes.  Subsequently, on January 11, 2007, a federal grand jury for the Western District of Tennessee in Case No. 07-20002 handed down an eight-count indictment charging Gipson with conspiracy to distribute in excess of 500 grams of methamphetamine, attempting to possess with intent to distribute approximately five kilograms of cocaine, possession of approximately 182 grams of cocaine with intent to distribute, possession of approximately 100 grams of methamphetamine with intent to distribute, possession of approximately 3,500 dosage units of Hydrocodone with intent to distribute, and possession of approximately 330 dosage units of Xanax with intent to distribute.  The indictment also charged Gipson with possession of ten different firearms by a convicted felon and possession of a firearm during and in relation to a drug trafficking offense.[3]  It appears that none of these charges involved the Claimant Whitley.

In its Motion, Plaintiff states that the $15,000.00 in currency seized from Whitley constitutes proceeds traceable to the exchange of a controlled substance in violation of Title II of the Controlled Substances Act.  In support of this contention, Plaintiff cites the affidavit of Gipson himself, in which Gipson declared that the money seized from the Claimant Whitley was

---

[3] On April 22, 2008, Gipson entered a plea agreement in this criminal matter.

in fact money Whitley owed Gipson for controlled substances that Gipson had provided to him.[4]

Furthermore, Whitley has offered no support for his contention in his Response that the money was "derived from legitimate endeavors." Whitley told the officers who seized the currency that he was the owner of CRS Construction, a construction company in Mississippi. However, it appears that no such company exists.[5] Whitley also failed to respond to the following Requests for Admission propounded by Plaintiff on November 5, 2007:

> REQUEST FOR ADMISSION NO. 1
> Admit that on December 23, 2006, you were accompanying Heather Horton to the law office of Jason Gipson's attorney to pay the attorney on behalf of Gipson.
>
> REQUEST FOR ADMISSION NO. 2
> Admit that on December 23, 2006, when questioned, you voluntarily informed officers that you had money on your person and a pistol in your vehicle.
>
> REQUEST FOR ADMISSION NO. 3
> Admit that you are not the owner of the defendant currency, but were merely carrying it for Heather Horton, Jason Gipson and/or some other individual.
>
> REQUEST FOR ADMISSION NO. 4
> Admit that the defendant currency is traceable to the proceeds of illegal narcotics sales and/or was intended to be used in exchange for a controlled substance and/or was used or intended to be used to facilitate the unlawful sale of narcotics.
>
> REQUEST FOR ADMISSION NO. 5
> Admit that on December 23, 2006, you told law enforcement officers conflicting stories about where the defendant currency came from.
>
> REQUEST FOR ADMISSION NO. 6
> Admit that on December 23, 2006, you told law enforcement officers conflicting stories about your employment.
>
> REQUEST FOR ADMISSION NO. 7
> Admit that at the time of the seizure of the defendant currency, you had no source of income.

---

[4] Gipson Aff.
[5] Vaden Aff. ¶ 6.

In an effort, at least in part, to accommodate the Claimant, the United States filed two separate motions to extend the discovery deadline, which the Court granted. Finally, Claimant has now failed to respond to Plaintiff's Motion for Summary Judgment.

## **STANDARD OF REVIEW**

Rule 56 (c) provides that a judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[6] In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[7] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[8] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[9] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[10]

Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

---

[6] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).
[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[8] *Celotex*, 477 U.S. at 324.
[9] *Matsushita*, 475 U.S. at 586.
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

party will bear the burden of proof at trial."[11] In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action."[12] Finally, the "judge may not make credibility determinations or weigh the evidence."[13]

**ANALYSIS**

Pursuant to 21 U.S.C. § 881(a)(6), property that was "furnished or intended to be furnished by any person in exchange for a controlled substance" is subject to forfeiture to the United States. 18 U.S.C. § 983(c)(1) provides that "in a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . . the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture . . . ." This burden may be satisfied by showing that the property is traceable to drug offenses.[14] Because the Claimant failed to respond to the Plaintiff's Request for Admissions, specifically Plaintiff's request that Claimant admit that the $15,000.00 in currency represents the proceeds of drug trafficking, this fact is deemed admitted.[15] This admission is supported by the affidavit of Daniel Gipson who affirmed that the funds represented money Claimant Whitley owed him for controlled substances Gipson had sold to Claimant.[16] Therefore, the Court finds

---
[11] *Celotex*, 477 U.S. at 322.
[12] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).
[13] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).
[14] *United States v. $110,873.00 in U.S. Currency*, 159 Fed. Appx. 649, 652 (6th Cir. 2005) (quoting *United States v. $174,206.00 in U.S. Currency*, 320 F.3d, 658, 662 (6th Cir. 2003)).
[15] Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection.)
[16] *See United States v. Parcels of Land*, 903 F.2d 36, 38-39 (1st Cir. 1990) (holding, albeit under the previously applied probable cause standard, that the government need not trace the property

that the Plaintiff has established by a preponderance of the evidence that Whitley's $15,000.00 in currency is subject to forfeiture, because its possession is traceable to the sale of controlled substances. The Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: June 9th, 2008

---

to a specific drug transaction and that courts can look at the "aggregate" of the facts in determining whether the properly was derived from drug transactions).